IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 25 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-03015-BNB

STEVEN D. SIMONS,

    Plaintiff,

v.

KEVIN MILYARD,
BRIAN WEBSTER,
CONNIE KEARNES CLAUSSEN,
NICOLE WILSON,
BEVERLY DOWIS,
GREG DYSON,
GATBEL CHAMJOCK,
CATHY MELLOH,
KATIE BAXTER,
ANTHONY DECESARO,
LORI HOLTER, and
JOSEPH FORTUNATO,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Steven D. Simons, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Simons initiated this action by filing *pro se* a Prisoner Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the complaint liberally because Mr. Simons is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Simons will be directed to file an amended complaint.

The Court has reviewed the complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Simons fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His complaint totals thirty pages, single-spaced, and he has presented his claims in a narrative chronological format, rather than asserting each claim in a short and concise statement. The Court, therefore, will direct Mr. Simons to

file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. Mr. Simons is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Simons further is instructed that to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Simons also must name the proper parties who are responsible for violating his constitutional rights, and assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Simons must name and show how each defendant caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Simons may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr.

Simons uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced. See D.C.COLO.LCivR 10.1E. Mr. Simons' complaint is single-spaced.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Plaintiff will be given an opportunity to cure the deficiencies in the complaint by submitting an amended complaint that complies with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1E. He will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Steven D. Simons, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order, the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 25, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03015-BNB

Steven D. Simons
Prisoner No. 50293
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk