FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 12 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03015-BNB

STEVEN D. SIMONS,

Plaintiff,

v.

KEVIN MILYARD,
BRIAN WEBSTER,
CONNIE KEARNS CLAUSSEN,
NICLOE WILSON,
BEVERLY DOWIS,
GREG DYSON,
GATBEL CHAMJOCK,
CATHY MELLOH,
KATIE BAXTER,
ANTHONY DECESARO,
LORI HOLTER, and
JOSEPH FORTUNATO,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Steven D. Simons, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. He initiated this ***pro se*** action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On March 25, 2011, the Court ordered Mr. Simons to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court, and alleged the personal participation of each named defendant in the asserted claims. On April 26, 2011, Mr. Simons filed an amended § 1983 complaint.

The Court must construe Mr. Simons' filings liberally because he is representing himself. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Simons will be directed to file a second and final amended complaint.

In the amended complaint filed April 26, Mr. Simons provided a concise background discussion of the nature of the case. He failed, however, to provide a concise discussion of his two asserted claims. Instead, under the heading for each claim, he provides separate chronological discussions of each defendant's personal involvement, making the claims he intends to assert either absent, difficult to comprehend, or dependent upon piecing together the allegations in each separate discussion. The format of the amended complaint also makes Mr. Simons' discussion of each defendant's personal participation repetitive and verbose.

As a result, Mr. Simons's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Mr. Simons previously was informed in the order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480

(10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Simons apparently expects the Court and defendants to piece together his allegations and come up with a clear and comprehensive understanding of what he is attempting to assert. That is neither a judicial function nor is it defendants' responsibility. The general rule that ***pro se*** pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Simons's responsibility to present his claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Simons must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. To state a claim in

federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Simons must assert each defendant's personal participation in the asserted claims. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). As Mr. Simons was informed in the order for an amended complaint, to establish personal participation, he must name and show how the defendants caused a deprivation of his federal rights. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), ***cert. denied***, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Simons may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated her rights. However, if Mr. Simons uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th

Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court will give Mr. Simons a final opportunity to file an amended complaint that states his claims clearly, concisely, and in a manageable format in compliance with Fed. R. Civ. P. 8, and alleges specific facts demonstrating how the defendant harmed him.

Accordingly, it is

ORDERED that Plaintiff, Steven D. Simons, file **within thirty days from the date of this order** a second and final amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Simons, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Simons fails to file a second and final amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 12, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03015-BNB

Steven D. Simons
Prisoner No. 50293
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 12, 2011.

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk