FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03015-BNB

STEVEN D. SIMONS,

    Plaintiff,

v.

KEVIN MILYARD,
BRIAN WEBSTER,
CONNIE KEARNS CLAUSSEN,
NICOLE WILSON,
BEVERLY DOWIS,
GREG DYSON,
GATREL CHAMJOCK,
CATHY MELLOH,
KATIE BAXTER,
ANTHONY DECESARO,
LORI HOLTER, and
JOSEPH FORTUNATO,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Steven D. Simons, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. After being ordered to do so on May 12, 2011, Mr. Simons filed *pro se* on July 7, 2011, a second and final amended prisoner complaint pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Mr. Simons has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

The Court must construe Mr. Simons's filings liberally because he is a *pro se*

litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the second and final amended complaint will be dismissed.

Mr. Simons ostensibly asserts two claims for relief. First, he claims that Defendants have been deliberately indifferent to his serious medical needs for a shoulder injury. Second, he claims they have violated his right to petition for grievances. However, his claims are repetitive and not clearly delineated. In other words, in claim one he mixes allegations of deliberate indifference with allegations concerning certain Defendants' responses to, and delay in responding to, his grievances. Some of those claim-one allegations concerning his grievances are repeated in claim two, and some are not. In claim two, he primarily makes assertions concerning his grievances, but also makes allegations concerning medical treatment that appropriately should have been asserted in claim one.

For example, in claim one Mr. Simons makes allegations against Joseph Fortunato, a physician; Katie Baxter, the acting Americans With Disabilities Act inmate coordinator; and Beverly Dowis, health service administrator, concerning both his medical treatment and their responses to his grievances. However, he does not include allegations against Dr. Fortunato concerning his grievances in claim two and repeats allegations against Ms. Baxter and Ms. Dowis concerning his grievances in claim two. In claim two, he makes allegations against Brian Webster, a physician's assistant, concerning his medical treatment, i.e., promising a second opinion, which never took

place. Despite the fact that Mr. Webster allegedly promised the second opinion in his response to Mr. Simons's step-one grievance, the claim against Mr. Webster more appropriately is asserted in claim one.

As a result, the second and final amended complaint fails to comply with the pleading requirements of Rule 8 and with the May 12 order for a second and final amended complaint. As Mr. Simons previously was informed in the May 12 order, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Once again, Mr. Simons expects the Court and Defendants to piece together his allegations and come up with a clear and comprehensive understanding of what he is

attempting to assert. This is not defendants' responsibility. Nor is it a judicial function. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

As he was informed in the May 12 order, it is Mr. Simons's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Simons must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. To state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See* **Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court finds that the second and final amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the May 12 order for a second and final amended complaint, and must be dismissed.

Accordingly, it is

ORDERED that the second and final amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Steven D. Simons, to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the May 11, 2011, order for an amended complaint.

DATED at Denver, Colorado, this __29th__ day of ___August___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03015-BNB

Steven D. Simons
Prisoner No. 50293
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk